

MICHAEL D. FISSE[†]

Please Reply To:

P.O. Box 5350
Covington, LA  70434-5350
985.871.0800 phone
985.871.0899 fax
mfisse@daiglefisse.com

Physical Address:
227 Highway 21
Madisonville, LA  70447

[†] Admitted in Louisiana, Texas and New York

9 February 2018

**VIA ELECTRONIC CASE FILING ("ECF")**
Judge Katherine B. Forrest
Daniel Patrick Moynihan
United States Courthouse, Courtroom 23B
500 Pearl Street
New York, New York 1007-1312

> RE: *Long Painting Company, a Washington corporation v. General Electric Company, a New York corporation; Alstom Renewable US LLC, a Delaware corporation*
> **U.S.D.C., Southern District of New York, Case No. 17-cv-9975 (KBF)**

Dear Judge Forrest,

We represent the General Electric Company ("GE") defendants in the referenced matter. This letter is in response to your Orders of 9 January 2018 (Doc. 9) and 5 February 2018 (Doc. 19), and also in response to the 1 February 2018 Letter from Plaintiff, Long Painting Company ("LPC") (Doc. 18).

### Summary of Response

Venue is proper in this District pursuant to a mandatory forum selection agreement that is contained in the written contract governing the transactions at issue. The forum selection agreement is valid and enforceable to require litigation of these contract disputes in this Court. Atlantic Marine Construction Co. v. United States District Court for the Western District of Texas, 134 S. Ct. 568, 582 (2013). Accordingly, LPC's request to transfer venue for these claims under 28 USC § 1404(a) must be rejected. Id.

**Venue Is Proper In This Court Pursuant To A Mandatory Forum Selection Agreement.**

These are breach of contract claims in which LPC alleges that GE owes money for contract work that LPC performed on a project in Washington. (Doc. 1). The contract work was performed

9 February 2018
Page 2

_____

pursuant to terms and conditions contained in the GE POWER TERMS OF PURCHASE which LPC has attached to its 1 February 2018 Letter. (Doc. 18 at pages 7 *et seq.*).

GE has also asserted a Counterclaim herein against LPC for recovery on the same contract at issue in LPC's claims. (Doc. 21). GE seeks breach of contract recovery for costs and expenses incurred as the result of defects in LPC's contract work and related contract performance. (Doc. 21 at pages 20 *et seq.*).

LPC acknowledges that it filed suit in this Court because the written terms and conditions of the parties' contract required it to do so. Specifically, the GE POWER TERMS OF PURCHASE specified as follows:

**20. GOVERNING LAW AND DISPUTE RESOLUTION.**

20.1 *Governing Law*. This Order shall in all respects be governed by and interpreted in accordance with the substantive law of the State of New York, U.S., excluding its conflicts of law provisions. The parties exclude application of the United Nations Convention on Contracts for the International Sale of Goods.

20.2 *Dispute Resolution for U.S. Suppliers*. If Supplier is a permanent resident of the U.S., or a corporation, partnership or other entity existing under the laws of the U.S., and Supplier and Buyer have a controversy, dispute or difference arising out of this Order ("**Dispute**"), either party may initiate litigation. Litigation may be brought only in the U.S. District Court for the U.S. District Court for the Southern District of New York or, if such court lacks subject matter jurisdiction, in the Supreme Court of the State of New York in and for New York County. The parties submit to the jurisdiction of said courts and waive any defense of forum non conveniens. The parties waive all rights to jury trials.

Doc. 18 at page 13 of 16, Section 20.

In Atlantic Marine Construction Co. v. United States District Court for the Western District of Texas, 134 S. Ct. 568, 582 (2013), the United States Supreme Court confirmed the strong and long-standing federal policy favoring the enforcement of forum selection agreements. That policy makes good sense because it provides the business community with certainty regarding the enforceability of forum-selection clauses, and it gives commercial parties that employ such clauses in their contracts greater predictability about where they will face future litigation.

Accordingly, when parties have contracted in advance to litigate disputes in a particular forum, "courts should not unnecessarily disrupt the parties' settled expectations;" Atlantic Marine, 134 S. Ct. at 583. Except for "the most unusual cases … the interest of justice is served by holding parties to their bargain. *Id.*

Here, this litigation involves parties that are sophisticated business organizations from various States (including New York). The parties are making claims against each other under a contract which includes an agreement to resolve disputes only in New York courts and under New York law. Moreover, the parties agreed that they would submit to the jurisdiction of New York courts and would waive any claim or defense of forum non conveniens. (Doc. 18 at page 13 [of 16], Section 20).

LPC makes no allegation of fact suggesting that it was unaware of the forum selection agreement or that the claims made in this lawsuit are not subject to the agreement. To the contrary, LPC acknowledges that it knew of the agreement and accordingly filed suit in this Court to comply with its mandatory venue requirement. (Doc. 18 at page 2) And LPC alleges that it "requested the defendants to waive the forum selection clause and set the action in Washington," but defendants refused this request. *Id*.

Nor does LPC allege any fact suggesting that the forum selection agreement was a product of fraud or overreaching, or that the law to be applied in this Court is fundamentally unfair, or that any trial in this Court will be so difficult and inconvenient to effectively deprive LPC of its day in court. Clearly, the forum selection agreement is valid and enforceable. *See, e.g.*, Martinez v Bloomberg, 740 F.3d 211, 217-220 (2d Cir. 2014). And, as discussed further below, there is no public policy that weighs against enforcement of the clause. LPC has not satisfied its "heavy burden" of showing that "it would be unfair, unjust, or unreasonable to hold (LPC) to its bargain" and to enforce the forum selection agreement. *Id*, 740 F.3d at 219.

### LPC's Motion To Transfer Venue Should Be Denied.

In its 1 February Letter, LPC makes a motion request under 28 U.S.C. § 1404(a) to transfer this lawsuit to a Washington federal court.[1] This Court has recently summarized the applicable legal standard in determining whether a venue transfer is appropriate under that statute in cases where the parties have a valid forum selection agreement in place as in this case. *See*, Tulepan v Roberts, 2014 WL 6808313 (S.D.N.Y. 2014).

> "For the convenience of parties and witnesses, in the interest of justice, a district court may transfer any civil action to any other district or division where it might have been brought ...." 28 U.S.C. § 1404(a). The decision to transfer venue is within the discretionary authority of the court based on "an individualized, case-by-case consideration of convenience and fairness." *** The moving party "carries the 'burden of making out a strong case for transfer.' *** It is therefore appropriate for district courts to "appl[y] the clear and convincing evidence standard in determining whether to exercise discretion to grant a transfer motion."

---

[1] LPC does not identify the particular Washington federal court (Eastern District or Western District) to which transfer is requested. (Doc. 18 at page 2, footnotes 2 and 3).

"When parties agree to a forum-selection clause, they waive the right to challenge the preselected forum as inconvenient or less convenient for themselves or their witnesses, or for their pursuit of the litigation." *Atl. Marine Constr. Co., Inc. v. U.S. Dist. Court,* 134 S. Ct. 568, 582 (2013). In this scenario, "the plaintiff's choice of forum merits no weight" and courts "should not consider arguments about the parties' private interests." *Id*, at 581–82. "As a consequence, a district court may consider arguments about public-interest factors only." *Id.* at 582. These factors include "the administrative difficulties flowing from court congestion," "the local interest in having localized controversies decided at home," and "the interest in having the trial of a diversity case in a forum that is at home with the law." *Id.* at 581 n. 6 *** "Because those factors will rarely defeat a transfer motion, the practical result is that forum-selection clauses should control except in unusual cases." *Id.* at 582.

Tulepan v Roberts, 2014 WL 6808313 (S.D.N.Y. 2014) (internal citations omitted).

Here, LPC improperly invites this Court to consider LPC's arguments regarding "private interest factors." While these arguments are unsubstantiated, [2] they should not be considered by this Court in any event per Atlantic Marine's express direction that such arguments may not be considered where a forum selection agreement has been made between the parties. Atlantic Marine, *supra*, 134 S. Ct at 581-582.

Nor has LPC made a clear and convincing showing that the public interest favors the transfer of this action to a Washington federal court. There is no relevant public-interest factor that has been demonstrated (or even alleged) to counsel toward such a transfer of this action.

---

[2] For example, LPC alleges that it has "identified 17 key witnesses" of which 15 allegedly reside in Washington (LPC Letter at page 3). When a party seeks a venue transfer under 28 USC § 1404 on account of the convenience of witnesses, that party must clearly specify by affidavit the names of the key witnesses and where they reside, and must identify the materiality of their testimony. *See*, Factors Etc, Inc. v Pro Arts, Inc. 579 F.2d 215, 218 215, 218 (2d Cir. 1978); Indian Harbor Insurance Co. v Factory Mutual Insurance Co., 419 F. Supp. 395, 402-403 (S.D.N.Y. 2005). LPC's motion to transfer venue does none of this; and the motion would accordingly insufficient to warrant a venue transfer even if a forum selection agreement did not control the issue here.  Similarly, LPC's suggestions that "every single witness (would be required) to travel to a foreign location for trial" or that sources of proof are only available in Washington are unfounded. Any witness testimony (if any at all) that might be material and necessary for the resolution of these claims would be available by deposition, relevant documents and evidence are not exclusively available in Washington, and witness travel to the trial location is not required. LPC will have the opportunity to conduct discovery, as appropriate, in this Court, and this Court can learn the factual underpinnings necessary to resolve these claims without much ado, and as easily as a Washington court.

First, no administrative difficulties will flow from having these relatively basic and distinct contract disputes adjudicated in this Court. Indeed, LPC has made no showing whatsoever regarding any congestion in either this Court or a Washington court that would warrant the transfer of this litigation. Rather, LPC simply concludes without support that this Court is "presumably … busier" than courts in Washington. (Doc. 18 at page 2, note 3).

Second, this case does not involve a controversy that raises especially localized concerns, as it is a garden-variety construction contract dispute. Far from being a "localized controversy" for which there is any local interest in having this case decided in Washington, this case presents straightforward breach of contract claims between parties that agreed to resolve their disputes in New York under New York law.

Third, because the contract agreement at issue is governed by New York law; this New York Court (not a Washington court) will be "at home" with the law at issue. Accordingly, the public interest does not favor the transfer of this case to Washington.[3]

Importantly, the Atlantic Marine Court explained that a forum selection agreement may be disregarded "[o]nly under extraordinary circumstances," and that the parties' contractual choice of forum will outweigh public-interest factors "'in all but the most exceptional cases.'" 134 S. Ct. at 581. Here, LPC has not carried its heavy burden to show that this case presents "extraordinary circumstances" or that this is the "exceptional case" where public interest factors will override a valid and enforceable forum-selection clause. Accordingly, LPC's motion to transfer venue must be denied.

Sincerely,

Michael D. Fisse

MDF/jdt

---

[3] LPC's argues (without citing any supporting authority) that Washington "procedural law" will apply to these claims. (Doc. 18 at page 2-30). To the contrary, the law is well-settled that in cases arising under diversity jurisdiction (as in this case) the court must apply federal procedural law and the substantive law of the state in which it sits. Erie R.R. Co. v. Tompkins, 304 U.S. 64 (1938). In any event, even if some State law other than New York applied to any material issue in this case, this factor would have little weight because federal courts are deemed capable of applying the substantive law of other states. Hummingbird USA, Inc. v. Texas Guaranteed Student Loan Corp., No. 06 Civ. 7672 (LTS), 2007 WL 163111, at *3 (S.D.N.Y. Jan. 22, 2007).

cc: Thomas E. Healy
   Fitzpatrick & Hunt, Pagano, Aubert, LLP
   Westchester Financial Center
   50 Main Street
   White Plains, NY  10606